IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. LILLEY, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**EPD OFFICER WEISMILLER,** )<br>**ERIE COUNTY PRISON,** )<br>**ERIE PUBLIC DEFENDER OFFICE, and** )<br>**ERIE CLERK'S OFFICE,** )<br>)<br>**Defendants.** ) | Case No. 1:21-CV-325 |

## MEMORANDUM ORDER

This action was received by the Clerk of Court on November 22, 2021 and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On January 18, 2022, Judge Lanzillo conducted an initial screening on the motion for in forma pauperis and the proposed original complaint. He concluded that the proposed complaint suffered from several deficiencies. It lacked failed to supply a factual narrative describing the incident at the heart of his allegations with enough specificity to place Defendants on notice as to the violations being asserted. Many of Plaintiff's allegations were largely incoherent. Rather than dismiss the complaint, Judge Lanzillo ordered Plaintiff to file an amended complaint and gave him specific instructions in this regard. ECF No. 6.

A few days later, Plaintiff filed a so-called amended complaint which reads, in its entirety:

1

> I would like to sue the Commonwealth of PA Nolle Prosse court order being avoided for this docket civil tortorious rights.
> $9,000,000,000,000,000,000,000,000,000,000,000,000.

ECF No. 7.

On April 1, 2022, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that Plaintiff's motion for leave to proceed in forma pauperis be granted and that this action be dismissed for failure to state a claim upon which relief may be granted. ECF No. 9.

Plaintiff filed Objections to the Report and Recommendation. ECF No. 10. Plaintiff explains:

> Officer Jason Weismiller reasonably doubted me to win at trail as a witness and arresting officer. Explains me to be harassment because I wouldn't leave the premise of Sherlock's bar 2015. Says witness/victim Jackie Husted further explains probable cause and motive to be random and resisting arrest coursing my conduct to avoid an arrest probably because I'm guilted as an incident of an arrest. I can't be prossed at trial as guilt of resisting arrest or harassment based on groundless opinions of an arrest officer and a bar employee victimized. All amended to no trail relief plea agreement of guilt. Sentenced as "Proof or Proven." You process a retroactive application of guilt at trail as police arrest. No Nolle Prosse. Contest rules explain me admitting guilt. Just/Cause. This is a review of facts of an instant case prosecution that retro sentences opinions on evidence, becomes an analysis of mistaken identity frivolous behavior.
>
> At the heart of the matter burden of the Court I am innocent until proved as guilt, otherwise allegations here describe human behavior as a ex post facto basis for legitimate purposes of an opinionated police reported arrest. Your final purpose is no fail to prosecute. I wasn't stated or claimed as this person or behavior at all during preliminary arraignment. I believe state and federal clauses of the U.S. constitution Nolle Prosse fits to fail to prosecute me based on Court leave Motion./ Nolle Prosequi by Jason Weismiller: Arrest Testimony Transcripted.

ECF No. 10.

2

Like all of Plaintiff's prior filings, his objections are difficult to decipher. However, even construing the filing liberally as we must due to Plaintiff's pro se status, none of his objections push Plaintiff any closer to stating a legal claim.[1]

Despite the opportunity to amend his original complaint, detailed instructions on how to do so, and generous amounts of time in which to do so, Plaintiff's filings, even taken together, fail to state a claim upon which relief can be granted.

After *de novo* review of the complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 28th day of April 2022;

IT IS HEREBY ORDERED that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 1] is granted. The Clerk of Court is direct to file the original complaint lodged at ECF No. 1-1.

IT IS FURTHER ORDERED that this action be dismissed for failure to state a claim in accordance with 28 U.S.C. § 1915A.

FINALLY, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo [ECF No. 9] is adopted as the opinion of this Court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[1] To the extent that Plaintiff is challenging his criminal conviction, the proper vehicle to do so is a petition for writ of habeas corpus.